IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § | |
| Petitioner, | § § | |
| V. | § | CIVIL ACTION NO. 3:19-cv-00316 |
| | § § § | |
| TITO AND SANDRA PORRAS, | § § | |
| Respondents. | § | |

**PETITIONER'S MOTION TO COMPEL APPRAISAL**

COMES NOW, Petitioner Nationwide Mutual Insurance Company ("Petitioner" or "Nationwide") and files this Motion to Compel Appraisal as provided by a residential property policy, and in support thereof would respectfully show the Court as follows:

**I.
PARTIES/JURISDICTION/VENUE**

1. Petitioner Nationwide Mutual Insurance Company is an insurance company organized in the State of Ohio with its principal place of business in Columbus, Ohio.

2. Respondents Tito and Sandra Porras ("Respondents") are individuals residing in El Paso County, Texas who can be served through their counsel, Mario A. Gonzalez, 1522 Montana Ave., Suite 100, El Paso, Texas 79902.

3. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties to this matter are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 (a)(1) and (2) because

Respondents reside in this district and a substantial part of the events or omissions giving rise to this request to compel appraisal occurred in this district.

## II.
## BACKGROUND FACTS

5.  This matter involves a dispute over the amount of covered damages to Respondents' residential property resulting from a weather event reportedly occurring on or about November 2, 2018.

6.  Nationwide issued homeowners' policy no. HO00013728-04 to Tito and Sandra Porras, effective February 12, 2018 through February 12, 2019.  *See* Policy attached as **Exhibit A**.  The Policy insures the property located at 16 Silent Crest Dr., El Paso, TX 79902-2160 (the "Property"). *Id.*

7.  Respondents submitted claim number CLM-00044791 to Nationwide on November 15, 2018.  Nationwide timely acknowledged the claim, investigated the loss, and issued payment in the amount of $24,743.94 for damages to the Property.

8.  On or about April 25, 2019, Respondents advised Nationwide of their disagreement about the amount of the loss on the claim.  Upon notice of a dispute about Respondents' claim, Nationwide timely invoked the appraisal provision of the Policy to resolve the dispute between the parties regarding the amount of loss.

9.  Pursuant to the Policy's appraisal provision, Respondents were required to name a competent and independent appraiser within twenty (20) days after receiving the written request from Nationwide.  To date, Respondents have refused to name their appraiser and engage in the appraisal process.  Nationwide now requests this Court enforce the Policy's appraisal provision by compelling Respondents to engage in appraisal.

## III.

## ARGUMENTS & AUTHORITIES

10. Appraisal provisions are a condition precedent to filing suit and should be enforced. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894-895 (Tex. 2009); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 451 (Tex. App. – Amarillo 1999, no pet.). The appraisal provision binds the parties to have the extent or amount of the loss determined by way of the appraisal process. *In re Allstate County Mutual Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). If the insurer compensates the insured according to the appraisal award, there can be no breach of contract, because the insurer is acting in accordance with the contract. Thus, "denying the appraisals will vitiate the [insurer's] ability to defend the breach of contract claim." *In re Allstate*, 85 S.W.3d at 196; *In re Slavonic Mut. Fire Ins. Assn.*, 308 S.W.3d 556, 564 (Tex. App.—Houston [14th Dist.] April 1, 2010, no pet. h.). Appraisal provisions in insurance policies have been repeatedly enforced by Texas courts. *See, e.g., In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002).

11. The Policy provides, in relevant part:

> **PROPERTY CONDITIONS**
> **(Section I)**
>
> * * *
>
> **6.     Appraisal.** If **you** and **we** fail to agree on the amount of loss, either can request that the amount be set by appraisal. If either makes a written request for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within twenty (20) days of receipt of the written request. The two appraisers will then select a competent, impartial umpire. If the two appraisers cannot agree on an umpire within fifteen (15) days, **you** or **we** can ask a judge of a court of record in the state where the **Residence Premises** is located to select a competent, impartial umpire.
>
> The appraisers will then set the amount of loss. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit their differences to the

umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by **you** and **us**. Any fees for expert witnesses or attorneys will be paid by the party who hires them. Neither the umpire nor the appraisers will have a financial interest that is conditioned on the outcome of the specific matter for which they are called to serve. This is not a provision providing for or requiring arbitration.

The appraisers and umpire are only authorized to determine the **Actual Cash Value, Replacement Cost**, or cost to repair the property that is the subject of the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between **you** and **us**. The appraisal award cannot be used by either **you** or **us** in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the appraisal award is binding upon **you** and **us**. This appraisal process and authority granted to the appraisers and the umpire can only be expanded or modified by written mutual consent signed by **you** and **us**.

\* \* \*

12.     Here, Nationwide properly demanded appraisal under the terms of the Policy after receiving notice of a dispute and identified Ken Nutt as its appraiser.  The parties are at an impasse because Respondents have refused to participate in the appraisal process and have failed to identify their appraiser.  Accordingly, consistent with Texas law strongly favoring the enforcement of appraisal provisions in insurance contracts, this Court should grant Nationwide's Motion and compel Respondents to engage in appraisal and designate their appraiser.

## IV.
## CONCLUSION

Nationwide stands ready to resolve this dispute as to the amount of the loss through its unambiguous appraisal provision, which has been properly invoked.  Nationwide therefore asks

this Court to issue an order compelling Respondents to engage in appraisal and name their appraiser pursuant to the terms of the Policy.

>Respectfully submitted,
>
>*/s/Rhonda J. Thompson*_____
>Rhonda J. Thompson
>State Bar No. 24029862
>Victoria L. Watson
>State Bar No. 24110514
>
>**THOMPSON, COE, COUSINS AND IRONS, L.L.P.**
>700 N. Pearl Street, 25th Floor
>Dallas, Texas 75201
>Telephone:  (214) 871-8200
>Facsimile:  (214) 871-8209
>Email: rthompson@thompsoncoe.com
>          vwatson@thompsoncoe.com
>
>**COUNSEL FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on October 30, 2019, a true and correct copy of the foregoing instrument was delivered to the following counsel in accordance with the applicable rules of civil procedure:

Mario A. Gonzalez
1522 Montana Ave., Suite 100
El Paso, Texas 79902
Fax:    (915) 533-0588
Email: mario@gonzalezlawfirm.com
    *Counsel for Respondents*

>*/s/Victoria L. Watson*_____
>Rhonda J. Thompson
>Victoria L. Watson